UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOOTHMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>REDWOOD TOXICOLOGY LABORATORY, INC.,<br><br>    Defendant. | Case No. 25-cv-02902-EMC   (EMC)<br><br>**ORDER GRANTING MOTION FOR REMAND AND DENYING AS MOOT MOTION TO COMPEL ARBITRATION**<br><br>Docket Nos. 24, 26 |

    Before the Court is Plaintiff's Motion to Remand. Dkt. No. 24. This is a wage-and-hour class action brought against a California-based toxicology laboratory. The parties dispute, inter alia, whether the home-state exception to Class Action Fairness Act ("CAFA") jurisdiction applies to this case. Dkts. No. 24, 32. At oral argument, the Court ordered jurisdictional discovery on the home state exception. Dkt. No. 40, Dkt. No. 45-47. With the benefit of this jurisdictional discovery and a fuller factual record, the Court **GRANTS** the motion to remand.

    In general, CAFA vests federal courts with original jurisdiction over class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). However, under the mandatory home-state exception, courts must decline to exercise jurisdiction over class actions in which both the defendant and "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed." *Id.* § 1332(d)(4)(A)(i)(I). Furthermore, the discretionary home-state exception states that courts may "decline to exercise jurisdiction . . . over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes . . . and the primary defendants are citizens of the State in which the action was originally

filed." *Id.* § 1332(d)(3). "Once CAFA jurisdiction has been established, the burden falls on the party seeking remand . . . to show that an exception to CAFA jurisdiction applies." *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citation omitted). This finding must be based on "more than mere guesswork," but the Ninth Circuit has emphasized that "the burden of proof on a plaintiff should not be exceptionally difficult to bear." *Id.* Further, the Court must evaluate the factual record "with the goal of CAFA in mind: to keep interstate actions in federal court and truly intrastate actions in the state courts." *Id.* at 1223.

Plaintiffs have submitted evidence that 97% of the 350+ putative class have last-known addresses in California. Dkt. No. 45, 46. The vast majority of these California addresses were located in Santa Rosa, where the Defendant's laboratory itself is located, or within driving distance. Dkt. No. 46. Defendant argues that this evidence does not support mandatory or discretionary remand because (1) last-known address in a state is not enough to show citizenship in that state, and (2) roughly a third of the putative class identified as non-citizens in Defendant's records. Dkt. No. 47-1. The Court notes that this second argument of Defendant's was newly raised in supplemental briefing, after the close of the jurisdictional discovery that the Court ordered, and that Plaintiff has not had the opportunity to respond. Since the record supports, at minimum, discretionary remand, the Court finds it appropriate to decide the motion without further briefing.

The Court may exercise discretionary remands if it makes: (1) a finding by a preponderance of the evidence that at least one-third of the class are citizens of the home-state, and (2) a determination that the statutory factors support remand. *Adams*, 958 F.3d at 1220.

Here, even accepting at face value Defendant's newly adduced evidence that 114 members of the 364-member class identified as non-citizens, this leaves over 68% U.S. citizens in the class, the overwhelming majority of whom have California addresses. Dkt. No. 47-1 at 3. Indeed, according to Defendant's numbers, of the U.S. citizens in the class, only 8 out of 250 have a last known address outside of California, the same 97% rate of California addresses as for the class as a whole. While last known address is not synonymous with state citizenship, a plaintiff is also not required to "show the citizenship of each class member with certainty beyond a reasonable doubt."

2

*Adams*, 958 F.3d at 1223. Thus, it appears that nearly two thirds of the class are U.S. citizens residing in California. But even if the threshold for mandatory remand is not met, clearly the one third minimum for discretionary remand is. At the very least, it is reasonable to infer that at least half of these citizens with last known addresses in California are California citizens, easily satisfying the one-third minimum. *See id.* (holding that it is reasonable to draw an inference of citizenship based on last known address when there is a "substantial cushion" over the statutory number).

The Court next examines the discretionary factors. 28 U.S.C.S. § 1332(d)(3).[1] This is a wage-and-hour class action with claims exclusively under California law. *Id.* § 1332(d)(3)(B). No national or interstate interests are implicated. *Id.* § 1332(d)(3)(A). There is no indication that the case was pled to avoid federal jurisdiction. *Id.* § 1332(d)(3)(C). California has a "distinct nexus" to the class members, the alleged harm, and defendant: 97% of the class members have last known addresses in California, the harm occurred in California where the class members worked, and Defendant is a California-based corporation. *Id.* § 1332(d)(3)(D). The number of class members with California citizenship is plainly higher than the number of class members with citizenship in any other state. *Id.* § 1332(d)(3)(E). Indeed, Defendant has only pointed to *nine* class members with a last known address outside of California – each in a different state (Arizona,

---

[1] The provision provides: "(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
    (A) whether the claims asserted involve matters of national or interstate interest;
    (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
    (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
    (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
    (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
    (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed."

Colorado, Florida, Louisiana, Maryland, Missouri, Nevada, Oregon, and Washington). Dkt. No. 47-1 at 3. That a portion of the class are allegedly non-citizens does not give any other state an interest greater than California's especially when the employment practice in question occurred in California.[2] The discretionary factors all point in one direction: remand. This is precisely the kind of "truly intrastate" action that Congress intended to keep in state court. *Adams*, 958 F.3d at 1223.

The history of this case also makes it in the "interests of justice" to remand. The case was litigated for almost a year in state court. Dkt. No. 24 at 11. Defendant did not seek removal until after it filed and lost a motion to compel arbitration. And discovery had already commenced, as at least one deposition had been taken. Dkt. No. 33 at 6; Dkt. No. 24 at 11. The late-filed removal petition, which bears the hallmarks of forum shopping, has effectively stalled these proceedings in federal court for almost six months. And it appears that the percentage of class members who are citizens of this state needed for mandatory remand is short by a hair. There is a compelling interest in justice to remand.

The Motion for Remand is therefore **GRANTED**.[3] Defendant's Motion to Compel Arbitration is **DENIED** as moot. Dkt. 26. By October 3, the parties shall submit supplemental briefs not exceeding ten pages on whether Plaintiff should be awarded costs and fees under 28 U.S. Code § 1447(c).

**IT IS SO ORDERED**.

Dated: September 22, 2025

_____
EDWARD M. CHEN
United States District Judge

---

[2] Defendant's reply confirms that it is not arguing that its workers were remote. Dkt. No. 47 at 12.
[3] Because the Court finds discretionary removal appropriate under the CAFA exception, it does not reach Plaintiff's arguments that Defendant's removal was untimely and that the amount in controversy is not met. *See generally* Dkt. No. 24.

4